6-8-11

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 13 A 11:3[?]

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY



U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Christine M. Celeste
Special Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4871
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462

June 8, 2011

Thomas Crowe, Esq.
401 E. Pratt Street
1622 The World Trade Center
Baltimore, MD 21202

Re:   United States v. Umar Burley
      Crim. No. RDB-11-0074

Dear Mr. Crowe:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 9, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.   The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, which charges him with possession with intent to distribute a quantity a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of 21 U.S.C. §841(a)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.   The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

1

a. That on or about the date charged in the Indictment, in the District of Maryland, the defendant possessed a controlled substance, specifically heroin;
b. That the defendant knew the substance was a controlled substance; and
c. That the Defendant intended to distribute the heroin.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Twenty years, a fine of $1,000,000 and 3 years of supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### "C" Plea: Advisory Sentencing Guidelines Apply

  5. The parties stipulate and agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure the sentence outlined in paragraph 8 is an appropriate disposition of the case. The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determine by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### STATEMENT OF FACTS

On April 28, 2010 Detectives observed Umar Burley parked at the curb in the 3800 block of Parkview Avenue in Baltimore, Maryland. Detectives then saw Brent Matthews running toward Burley's car holding currency in his hand and looking around as if searching for police presence. Detectives had received information regarding drug sales in the area. When Matthews entered the passenger's side of the Acura, detectives pulled one police vehicle behind Burley's Acura and another vehicle in front of the Acura to investigate the suspected drug sale. Detectives exited their cars with their badges displayed and told Burley to turn off the Acura. Burley did not comply, instead, he maneuvered the Acura until he was able to get out from between the police cars. Burley sped away. The officers pursued the Acura at some distance because they were stopping at stop signs but Burley was not. Officers located Burley's Acura at the corner of Belle and Gwynn Oak Avenues resting on a fire hydrant. Burley had struck another vehicle sending that vehicle into the porch of a nearby house. The driver of the other vehicle died as a result of the crash and the passenger was seriously injured. When detectives arrived in the area, they observed Burley and Matthews fleeing from the Acura. Both Burley and Matthews fled on foot and were apprehended within minutes in the area near the crash site. Detectives searched the Acura and observed 28.62 grams of heroin and a digital scale on the passenger's side floorboard of the vehicle.

The parties stipulate based on facts readily provable by the Government that Burley possessed the 28.62 grams of heroin and that the heroin was intended for distribution.

### ADVISORY GUIDELINE STIPULATION

The parties stipulate and agree that the Defendant's base offense level is 18 pursuant to U.S.S.G. §2D1.1(c)(11) because the Defendant possessed at least 20 grams but less than 40 grams of heroin. The Government believes that the Defendant is a career offender pursuant to U.S.S.G. §4B1.1. Therefore, the Government believes that the Defendant's adjusted base offense level is 32 pursuant to U.S.S.G. § 4B1.1.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. However, this Office will not make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level reduction. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any

4

criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Rule 11(c)(1)(C) Plea

8.  The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of imprisonment of **180 months** is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or to set any lawful conditions of supervised release. The parties further agree that, should the Defendant be sentenced in this case after he is sentenced in the Circuit Court for Baltimore City, the 180 month sentence imposed in this case will run concurrent to the sentence in case number 110294026. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event that the Court rejects this agreement, pursuant to Rule 11(c)(5), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement.

### Waiver of Appeal

9.  In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.  The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: the Defendant waives his right to appeal any sentence at or below **180 months** incarceration and this Office waives its right to appeal any sentence at or above **180 months** incarceration.

c.  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from

appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

10. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (I) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Entire Agreement

11. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: *Christine Celeste*
Christine Celeste
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_6-9-11_
Date

_Umar Burley_
Umar Burley

I am Umar Burley's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_6/9/2011_
Date

_Thomas Crowe_
Thomas Crowe, Esq.