# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0074-RDB |
| ) | |
| UMAR BURLEY ) | |
| ) | |
| and ) | |
| ) | |
| BRENT MATTHEWS, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

## UNITED STATES' PETITION FOR A WRIT OF CORAM NOBIS TO VACATE CONVICTIONS

The United States of America, by and through its undersigned attorneys, petitions this Court for a writ of *coram nobis* to vacate the convictions of Umar Burley (Document No. 67) and Brent Matthews (Document No. 70) because they are innocent.

On June 10, 2011, Messrs. Burley and Matthews entered pleas of guilty in this Court to charges of possession with intent to distribute heroin despite the fact they knew they were innocent. They did so because heroin had been planted in the vehicle in which Burley was the driver and Matthews was a passenger by a Baltimore Police Officer. Both men concluded that in a trial involving the Officer's word against theirs, they would lose. Both men were imprisoned and have served some or all of their federal sentences. Neither are currently in custody.

The United States learned that evidence was planted in their case in the course of its investigation into corruption in the Baltimore Police Department (BPD). This investigation occurred after Matthews had been released from federal custody but while Burley was still in

federal custody. Upon learning of this information, the United States moved this Court to release Burley from prison, which it did, on August 31, 2017, and continued its investigation to determine who was responsible. On November 30, 2017, a federal grand jury sitting in Baltimore returned an indictment charging a former BPD Sergeant with falsification of records and criminal civil rights violations for his role in planting evidence in Burley's car. The United States now asks this Court to issue a writ of *coram nobis* to vacate the convictions of Burley and Matthews.

## I. AUTHORITY

A writ of *coram nobis* is available only in "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *Withanachchi v. United States*, 803 F.Supp.2d 360, 364 (D. Md. 2011) *citing United States v. Denedo*, 556 U.S. 904 (2009); *United States v. Morgan*, 346 U.S. 502, 510–11 (1954)); *see also United States v. Mirza*, 45 F.3d 428, at *1 (4th Cir.) (unpublished) ("A writ of error *coram nobis* may be granted to vacate a conviction only if a fundamental error occurred."). In federal courts the authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits "courts established by Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." *Denedo*, 556 U.S. at 911; 28 U.S.C. § 1651(a). Federal Courts have the power to grant a writ of error *coram nobis* to vacate a conviction after a sentence has already been served. *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988) *citing United States v. Morgan*, 346 U.S. 502 (1954). This is an extraordinary remedy, however, and should be issued "only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511. "The writ of error *coram nobis* is appropriate only to vacate judgments for errors of fact in those cases where the errors are

'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" *Withanachchi*, 803 F.Supp.2d at 365 *citing United States v. Mayer*, 235 U.S. 55, 69, (1914).

II.     **FACTUAL SUMMARY**

On April 28, 2010, Umar Burley was sitting in a car in the 3800 block of Parkview Avenue in Baltimore City waiting for Brent Matthews. Brent Matthews came out of a nearby apartment building and got into the car. A BPD officer, driving an unmarked BPD vehicle, pulled in front of the car Burley was driving, at an angle, and a second unmarked BPD vehicle pulled behind his car in an attempt to box him in. Three officers exited the two cars. They were not in police uniform. They were armed and had their guns drawn. There is no evidence that either Burley or Matthews were, in fact, involved in criminal conduct. Burley, the driver of the car, fled the scene. The two unmarked BPD vehicles pursued them.

At the intersection of Belle Avenue and Gwynn Oak Avenue, Burley, who was driving at high speed, struck a car entering the intersection. The impact of the collision was so great that the car was pushed onto the front porch of a row home on the corner of the intersection. The car was operated by an elderly man and his wife was a passenger. The elderly driver was trapped in the car after the collision and died later that day.

The two unmarked BPD vehicles arrived at the intersection Belle Avenue and Gwynn Oak Avenue after the crash occurred. Burley and Matthews fled from their car. They were pursued on foot by two of the plain clothes BPD officers on the scene and were ultimately arrested.

At the time of the car chase, there were no drugs in the car driven by Burley. After the

3

crash, heroin was planted in the car by a BPD officer.   It was then recovered.   The officer who had the drugs planted authored a false Statement of Probable Cause for the incident which asserted that "32 grams of suspected heroin were recovered" from the car that Burley was driving and where Matthews was a passenger, when, in fact, that officer had planted the drugs in their car in attempt to justify his decision to pursue them.

On February 10, 2011, a Federal Grand Jury sitting in the District of Maryland charged Burley and Matthews in a two-count indictment. Count One charged both Defendants with conspiracy to possess with intent to distribute heroin on or about April 28, 2010.   Count Two charged both Defendants with possession with intent to distribute heroin on April 28, 2010.   The Special Assistant United States Attorney who prosecuted the case had no knowledge that the seized heroin had been planted.

On or about October 21, 2010, Burley was charged with vehicular manslaughter in the Circuit Court for Baltimore City.

On June 10, 2011, despite the fact that he was innocent, Burley pled guilty to possession with intent to distribute heroin on April 28, 2010, for the heroin that had been planted in the car he was driving.   Burley agreed to a serve a term of 15 years for both the federal drug charges and the vehicular manslaughter charge in state court.

On June 10, 2011, despite the fact that he was innocent, Matthews pled guilty to possession with intent to distribute heroin on April 28, 2010, for the heroin that had been planted in the car in which he was a passenger.

On August 10, 2011, Burley was sentenced to 10 years in prison on the vehicular manslaughter charge.

On August 18, 2011, Burley was sentenced to 15 years in prison on the federal drug charge to run concurrent to his state sentence in the vehicular manslaughter case.

On September 19, 2011, Matthews was sentenced to 46 months of imprisonment on the federal drug charges with credit for time served since March 4, 2011.

On or about September 19, 2013, Matthews was placed on supervised release after serving more than two-and-a-half years in federal custody.

On or about February 3, 2017, Burley completed his state vehicular manslaughter sentence and was transferred to federal custody.

On August 23, 2017, having determined that the evidence seized from Burley and Matthews had been planted by a BPD officer, the Government moved this Court to reduce his sentence to time served. After a hearing on August 31, 2017, the Court granted the Government's motion and he was released that day.

### III. REQUEST FOR RELIEF

Because the heroin recovered from Burley and Matthews had been planted by a member of the Baltimore Police Department, the United States petitions this Court for a writ of *coram nobis* to vacate their convictions.

Respectfully submitted,
Stephen M. Schenning
Acting United States Attorney

By: _____

Leo J. Wise
Derek E. Hines
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing were sent electronically to counsel for the defendants.

_____
Leo J. Wise
Assistant United States Attorney